IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMES GERMALIC, Independent Candidate for President, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 12-3288 |
| JESSE WHITE, Secretary of State, Illinois, | ) ) ) | |
| Defendant. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter is before the Court on Plaintiff's Motion for leave to proceed in forma pauperis (d/e 4) on his claim that Illinois Secretary of State, Jesse White, violated the Plaintiff's constitutional rights.  For the reasons that follow, Plaintiff's Motion is DENIED and his claim DISMISSED.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them."  Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972).  Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or

fails to state a claim, even if part of the filing fee has been paid.  28 U.S.C. § 1915(d)(2).  Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

## LEGAL STANDARD

To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  Factual allegations must give enough detail to provide "fair notice of what the . . . claim is and the grounds upon which it rests."  EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (add'l citation omitted)).  The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'"  Id. (quoting Twombly, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555-56).  However pro se pleadings are liberally construed when applying this standard.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ANALYSIS

Liberally construed, Plaintiff attempts to allege in his Complaint that Secretary of State White violated Plaintiff's First and Fourteenth Amendment Rights by imposing obstacles in Illinois that make it too onerous to be placed on the ballot as a candidate for President of the United States.  See 42 U.S.C. 1983 (providing plaintiffs a cause of action where the conduct of a person acting under the color of state law violates a right protected by the United States Constitution or created by federal statute).  Specifically, Plaintiff characterizes Illinois' 25,000 signature requirement as too onerous and expensive.  Further, he argues that registering in all 110 Illinois voting jurisdictions poses too great of an obstacle for prospective write-in candidates.  See Illinois 2012 Candidates Guide for Presidential Preference, Delegates & Alternate Delegates (Amended 2/23/12), at 11.

However, Plaintiff fails to sufficiently allege that Secretary of State White "deprived [Plaintiff of] a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) (providing allegations required to state a claim under 42 U.S.C. § 1983); Case v. Milewski, 327 F.3d 564, 566 (7th Cir. 2003).  Instead,

Plaintiff argues that the "little guy" has no opportunity to participate as a candidate for President of the United States. Compl. at 4. Plaintiff then provides a lengthy discussion that covers his religious, political, historical, and personal views.

Finally, Plaintiff's issues have already been addressed. For example, the Seventh Circuit has held that the 25,000 signature requirement does not violate the First and Fourteenth Amendments of the United States Constitution. See Nader v. Keith, 385 F.3d 729, 731-35 (7th Cir. 2004). Furthermore, the United States Supreme Court has held that "[w]hen a State's ballot access laws pass constitutional muster as imposing only reasonable burdens on First and Fourteenth Amendment rights . . . a prohibition on write-in voting will be presumptively valid . . . ." Burdick v. Takushi, 504 U.S. 428, 441 (1992). In short, even with the most liberal construction, Plaintiff's extended discussion of his religious, historical, political, and personal views fails to state a plausible claim against the Secretary of State upon which relief may be granted. See Twombly, 550 U.S. at 555.

IT IS THEREFORE ORDERED:

1. Plaintiff's petition to proceed in forma pauperis is denied (d/e 4) because he fails to state a federal claim for relief. THIS CASE IS CLOSED.

2. If Plaintiff wishes to appeal this dismissal, he must file a

notice of appeal with this court within 30 days of the entry of judgment. Fed.R.App.P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed.R.App.P. 24(a)(1)(C).

ENTERED: October 30, 2012

FOR THE COURT

                                              s/ Sue E. Myerscough
                                              SUE E. MYERSCOUGH
                                        UNITED STATE DISTRICT JUDGE